MEMORANDUM **
David Alexander Hodges appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1988 action alleging that Holiday Inn Select induced local police officers to detain him and charge him with trespassing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir.2009), and we affirm.
The district court properly dismissed the section 1983 claims because the allegations in the Second Amended Complaint, taken as true and construed in a light most favorable to Hodges, do not suggest that Holiday Inn Select acted under color of law. See Dietrich v. John Ascuaga’s Nugget, 548 F.3d 892, 900 (9th Cir.2008) (“[A] bare allegation of ... joint action will not overcome a motion to dismiss .... [Tjhere is no evidence that Defendants ... did anything more than summon police. Merely complaining to the police does not convert a private party into a state actor.”) (internal quotation marks and citations omitted).
Because Hodges does not raise arguments regarding the district court’s dismissal of his state law claims, he waives any such challenge on appeal. See Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir.1994) (“We review only issues which are argued specifically and distinctly in a party’s opening brief. We will not manufacture arguments for an appellant ....”) (internal citation omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.